IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-31317
Summary Calendar
_____

CAROLYN ALLEN,

Plaintiff-Appellant,

versus

UNITED STATES POSTAL SERVICE;
STATE FARM INSURANCE COMPANY;
ZEDRICK L. PRICE; UNIDENTIFIED PARTY;
UNITED SERVICES AUTOMOBILE ASSOCIATION,

Defendants-appellees.

_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(97-CV-417-R)

_____

October 19, 1998

Before REAVLEY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

The district court granted the United States Postal Service's (USPS) motion for summary

judgment, dismissing Appellant's claims for damages arising from an automobile collision. We

affirm.


Zedrick Price drove his Postal Inspection Service Law Enforcement Vehicle (LEV) into

the back of the car driven by Carolyn Allen. The postal service assigned Price the LEV because

   *.  Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not
precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his job sometimes required his immediate response to emergencies and investigations. On the day of the accident, Price had driven the car from the airport to his residence, where he arrived shortly after eight p.m., at which time he ceased official employment. At around ten p.m., Price drove the LEV to several night clubs and bars. When driving the LEV home hours later, he struck Allen's car. Price has admitted liability for the accident. The postal service determined that Price had willfully misused the LEV by driving it for personal reasons and suspended him for thirty days.

Allen originally sued the USPS in Louisiana state court. The USPS removed and then moved for summary judgment. Allen avoided the summary judgment motion, as the district court lacked jurisdiction because Allen had failed to exhaust her administrative remedies. That action was accordingly dismissed without prejudice. Allen thereafter refiled the present action in federal court, claiming jurisdiction under the Federal Tort Claims Act (FTCA). The USPS's successful motion for summary judgment followed.

Allen raises two issues on appeal: whether the district court should have granted her Rule 56(f) continuance and whether particular features of Louisiana law precluded summary judgment on the question of course and scope.

Allen asserts that the district court erred by failing to grant her motion for a Rule 56(f) continuance to conduct discovery. Her contention lacks merit. Allen refiled the present incarnation of her claim in federal court on February 7, 1997. The USPS did not move for summary judgment until June 30, 1997, more than four months later. During that time, Allen had made no apparent effort to conduct discovery. Allen's response was due on August 15, 1997, but the district court granted Allen's motion for an enlargement so that Allen filed her response on August 22, 1997. Still Allen had not attempted discovery, despite ample opportunity. Along with her response, she requested a Rule 56(f) continuance. On such a record, the district court's denial

2

was not error.  *See Liquid Drill, Inc. v. U.S. Turnkey Exploration, Inc.*, 48 F.3d 927, 930 (5th Cir. 1995) (standard of review is abuse of discretion); *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (if "the nonmoving party has not diligently pursued discovery . . . , the court need not accommodate [its] belated request").

One fact disposes of Allen's claims: namely, after eight o'clock p.m., Zedrick Price no longer acted within the course and scope of USPS employment.  *See* 28 U.S.C. § 1346(b); 28 U.S.C. § 2679(b)(1).  The general test for course and scope in Louisiana is "whether the empoyee's tortious conduct 'was so closely connected in time, place and causation to his employment duties as to be regarded a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interest.'"  *Johnson v. Dufrene*, 433 So. 2d 1109, 1112 (La. App. 1983) (citations omitted).  To bring the accident within the course and scope of Price's employment, Allen relies on two theories, that Price was "duty bound" and that the USPS had given him "initial permission" to operate the vehicle.  Each fails.

In *Johnson*, a police officer was involved in a car accident while returning from a birthday party.  The court held that his actions satisfied the test for course and scope because "driving the police car even while on personal missions was itself a part of [the officer's] duty to remain 'on call' and subject to his employer's control."  *Id.* at 1113.  Officer Dufrene not only lacked restrictions on the use of his unmarked car, but he "was advised that he should continue to use" it "at all times."  *Id*. at 1112.  Though he was also an "on-call" employee, Price was forbidden from using his LEV when not responding to USPS investigations.  The LEV may not be used for personal convenience.  *See* 5 C.F.R. § 2635.704(a) (1998); Inspection Service Manual § 156.11 (1991).  Price was disciplined by the USPS for willfully violating this restriction.  As such, *Johnson* cannot save Allen's claim under the FTCA.

The initial permission rule is an insurance doctrine that is out of place here. It does not expand the course and scope of employment so as to bring Allen's injuries under the FTCA's waiver of immunity. Rather, it is a device that extends the coverage of an insurance agreement to third persons who use the insured's vehicle with the insured's express or implied consent. *See Manzella v. Doe*, 664 So. 2d 398, 401 (La. 1995). Whatever the rule's application to the USPS as a self-insured entity in some other case, it has nothing to do with the course and scope of Price's employment for purposes of determining Allen's ability to sue under the FTCA.

For the first time, Allen attempts to bring her claim outside the FTCA by arguing that 28 U.S.C. § 1339 creates jurisdiction because she has brought a direct action against the USPS as the insurer of the LEV. Louisiana law allows direct actions against insurers. *See* La. Rev. Stat. Ann. § 22:655 (West 1995). Allen cited this state statute when she brought her claim and noted that the USPS was the insurer of the LEV. But at no time in the history of these proceedings has she argued that these details are significant because they create an independent waiver of immunity via section 1339. Rather, she, like the USPS and the court below, treated the statute, together with USPS's self-insurance policy and the "initial permission" rule, as a method of extending *FTCA liability*, which, as noted above, clearly it cannot. Whatever the questionable merit of her new approach, the explication comes too late. Having not been raised in the district court, it cannot be argued here.

Affirmed.